NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted July 20, 2018[*]
Decided July 23, 2018

**Before**

FRANK H. EASTERBROOK, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

AMY J. ST. EVE, *Circuit Judge*

No. 18-1518

| | |
|---|---|
| PATRICIA WILLIAMS, | Appeal from the United States District |
| *Plaintiff-Appellant*, | Court for the Western District of Wisconsin. |
| | |
| *v.* | No. 17-cv-253-bbc, 17-cv-254-bbc, |
| | 17-cv-255-bbc |
| WISCONSIN DEPARTMENT OF | |
| WORKFORCE DEVELOPMENT, et al., | Barbara B. Crabb, |
| *Defendants-Appellees*. | *Judge*. |

## O R D E R

Patricia Williams, who both provided and received vocational rehabilitation services for years to and from the Wisconsin Department of Workforce Development, appeals the entry of summary judgment against her in this lawsuit asserting claims of

---

[*] We have agreed to decide this case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. *See* FED. R. APP. P. 34(a)(2)(C).

employment discrimination and retaliation. The district court determined that Williams offered no admissible evidence to support her claims. We affirm.

Williams ran a career-placement business that entered into a service agreement in 2010 with the state's Division of Vocational Rehabilitation, an agency that helps persons with disabilities obtain and maintain their job. In 2012, however, the Department notified Williams that it intended to terminate the service agreement because her business was not meeting expectations in providing quality services. Williams, the Department added, also had engaged in an "unethical business practice" by directly soliciting business from individuals who sought vocational services from the Department. Williams then filed a complaint with the Department's Equal Rights Division, alleging that the Department had ended her service-provider contract because of her disability (depression and diabetes) and race (African American). That case remains pending.

Two other incidents with the Department followed in 2015. That year Williams lost at an administrative hearing on a matter unrelated to this appeal, and then petitioned for judicial review in state court. When the defendants sought to file the certified record of the administrative proceedings, she objected on grounds that the record contained "confidential case file records." The state court overruled Williams's objection and ultimately upheld the agency's decision. Also that year, Williams accused the Department of forging her signature on checks it issued and then cashing them without her consent. Both federal and state law-enforcement agencies investigated her claim, but found no evidence of wrongdoing.

Later in 2015 Williams applied for a "limited-term" (1400 hours) position in the Department's call center and was hired. But her supervisor concluded that she did not retain the training information as well as her counterparts and reduced her tasks over the remainder of her term.

Around the same time, Williams applied for three full-time positions within the Department. She was interviewed for a position as an employment-and-training specialist but was passed over when the Department hired a candidate with stronger qualifications. She did not receive interviews for the other two positions because she failed the requisite civil service examination.

Williams brought three separate lawsuits against the defendants, alleging claims under the First Amendment, the Fourteenth Amendment, Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, and the Rehabilitation Act, 29 U.S.C. § 701 *et seq.*

The district court consolidated the suits and allowed Williams to proceed on her claims (1) that the defendants refused to hire her and disclosed her "confidential" records in retaliation for her complaints about the Department, and (2) that the defendants discriminated against her based on her race, sex, sexual orientation and disability.

The defendants moved for summary judgment and the district court granted the motion. Regarding Williams's employment-related discrimination and retaliation claims, the court found that Williams submitted no evidence showing that those defendants in charge of hiring were aware—when they passed her over for the employment-and-training specialist position—of her disability, sexual orientation, or the internal complaints that she had made against the Department. As for the other two full-time positions, the court accepted the defendants' explanation that there were other more qualified candidates and that Williams did not pass the required civil service exam. The court also rejected Williams's claim regarding the disclosure of her records as frivolous because the state court needed to access the certified record in order to review the administrative proceeding, and state law required it. *See* WIS. STAT. ANN. § 227.55 (West 2017).

On appeal Williams has not meaningfully developed the arguments in her brief, *see* FED. R. APP. P. 28(a)(8), but we touch upon two arguments that we can discern. First, she asserts that the defendants "did not show or prove that the discrimination did not happen." But this misstates the burden of proof. In order for Williams to stave off summary judgment, she had to introduce sufficient evidence for a jury to find that the defendants acted for an unlawful reason. *See Ortiz v. Werner Enterprises, Inc.*, 834 F.3d 760, 765 (7th Cir. 2016). She did not.

Williams also asserts that the district court "created an unfair process" by not considering certain evidence she submitted—specifically a declaration from her daughter, Shameeah Flowers, that was supplemented with attachments that included correspondence between the defendants and Williams as well as copies of the allegedly forged checks. But the district court did not abuse its discretion by disregarding the declaration because Williams failed to authenticate the attachments by explaining how her daughter had personal knowledge of them. FED. R. CIV. P. 56(c)(4); *Bell v. PNC Bank, Nat. Ass'n*, 800 F.3d 360, 371 (7th Cir. 2015).

Williams also raises additional arguments in her reply brief for the first time, but arguments raised for the first time in a reply brief are waived. *See Laborers' Pension Fund v. W.R. Weis Co., Inc.*, 879 F.3d 760, 768 (7th Cir. 2018). We have considered her remaining arguments and none has merit.

The judgment of the district court is

AFFIRMED